IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL EDWARD PURYEAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-02600-RBP-JEO |
| ) | |
| RONALD JAMES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF OPINION AND ORDER

On January 18, 2012, the plaintiff submitted an amended complaint naming Magistrate Judge, John E. Ott, as one of the two defendants. In the amended complaint, the plaintiff asserts that he seeks costs and attorney fees against Judge Ott pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, and he states vaguely that he seeks prospective injunctive relief, without identifying the specific relief sought. The amended complaint failed to identify any specific act or omission on the part of Judge Ott which constituted the basis of the claims against him.

Accordingly, on January 20, 2012, in order to allow proper consideration of whether or not recusal is appropriate, Judge Ott ordered the plaintiff to notify the court within twenty days of the specific acts or omissions made the basis of his claims. (Doc. #14). Instead of complying with the order, the plaintiff submitted an objection to the order, combined with a motion seeking Judge Ott's "*sua sponte* recusal." (Doc. #15). On May 16, 2012, the undersigned overruled the plaintiff's objections, denied the plaintiff's request for Judge Ott's recusal, and ordered the plaintiff to fully comply with the order of January 20, 2012, within

twenty days. The plaintiff submitted his response on May 16, 2012. (Doc. #18).

In support of his claims against Judge Ott, and to support his contention that Judge Ott should recuse himself from this action, the plaintiff complains that Judge Ott "started presiding over [his] case" without receiving his consent pursuant to 28 U.S.C. § 636(c); that Judge Ott "failed to review [his] pro se complaint under the standard of review as held by the United States Supreme Court in *Haines v. Kerner*, 404 U.S. 519;" and that Judge Ott "started swaying to [the] defendant's side as defendant's attorney instead of an adjudicator." *Id*. at 2. The plaintiff also alleges that Judge Ott "secretly" diverted his Writ of Mandamus to the Eleventh Circuit Court of Appeals, rather than presenting it to "this Article III Judge." *Id*. at 3. He now seeks a "prospective and protective injunction," presumably for Judge Ott's recusal from this matter. *Id*. at 3.

Upon review of the plaintiff's response, it is the opinion of the court that any request for injunctive relief in the form of an order requiring the Judge Ott's recusal is due to be and hereby is **DENIED**. "A federal judge must recuse [himself] in any proceeding in which [his] impartiality might reasonably be questioned." *Franklin v. Parnell*, 461 Fed. Appx. 823 *2 (11th Cir. 2011); *citing* 28 U.S.C. §§ 455(a), (b). "[T]he standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Id*; *quoting Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir.2000).[1] In this instance, the plaintiff's stated reasons for recusal of Judge Ott do not meet this burden. As recognized in this court's order of May 16, 2012, the provisions of 28 U.S.C. § 636(b)(1)(A) clearly

---

[1] The alleged bias must be "personal as opposed to judicial in nature." *Ekokotu v. Federal Exp. Corp.*, 408 Fed. Appx. 331 *5 (11th Cir. 2011); *quoting United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985). Therefore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*.; *quoting Liteky v. United States*, 510 U.S. 540, 555 (1994).

authorize Judge Ott to enter non-dispositive orders such as those entered in this action thus far, and the plaintiff has wholly failed to present reasonable grounds for Judge Ott's recusal. Nowhere in the amended complaint or the May 22, 2012, response does the plaintiff present credible grounds for concluding that Judge Ott has shown improper partiality in this action.

The plaintiff's underlying claims against Judge Ott in the amended complaint are also due to be dismissed. The provisions of 28 U.S.C. § 1915A, require this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. The undersigned has conducted a review of the plaintiff's complaint (Doc. #12) with respect to the claims against Judge Ott and finds that the claims against him are due to be dismissed for failing to state a claim upon which relief can be granted.

The plaintiff's first assertion against Judge Ott in the amended complaint is that he is entitled to costs and attorney's fees against Judge Ott pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (the Act).[2] This claim is wholly without merit. The Act allows for an award of costs and attorney's fee only to a "prevailing party" in a civil rights action, and specifically excludes any liability for a judicial officer, absent a showing that the officer acted in clear excess of his jurisdiction. More importantly, the common law affords judicial officers immunity from damages with respect to acts committed within their

---

[2] The Act is found at 42 U.S.C. § 1988(b).

jurisdiction. *Pierson v. Ray*, 386 U.S. 547 (1967). This immunity applies even if judicial acts are done maliciously or corruptly. *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985). Absent a showing that Judge Ott acted in clear absence of all jurisdiction, he is immune from any damages claims asserted by the plaintiff here. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The plaintiff makes no such showing here.

The amended complaint also asserts a claim for "prospective injunctive relief." (Doc. #12, p. 4). However, the plaintiff fails to identify the basis of this claim, or the specific relief sought. It is true that "judicial immunity does not bar claims under § 1983 seeking injunctive and declaratory relief." *Shuler v. Swatek*, 2012 WL 1192822, *2 (11th Cir. April 10, 2012); *citing Pulliam v. Allen,* 466 U.S. 522, 536-37 (1984). However, in order to state a claim under § 1983, the complaint must "state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008). More importantly, the United States Supreme Court has strengthened pleading requirements with its decisions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). While a complaint need not contain "detailed factual allegations," *Twombly,* 550 U.S. at 555, it does have to set forth "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The plaintiff's amended complaint does not meet this burden.

To be entitled to permanent injunctive relief for alleged constitutional violations, the plaintiff must establish three elements: (1) success on the merits; (2) continuing irreparable injury; and (3) lack of an adequate remedy at law. *Keener v. Convergys Corporation*, 342

F.3d 1264, 1269 (11th Cir. 2003) citing *Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982). Not only must the plaintiff prove that a constitutional violation exists, he must also show that he faces a "substantial threat" of irreparable injury if equitable relief is not granted. *Gould v. Control Laser Corp.*, 650 F.2d 617, 621 (5th Cir. 1981). In this instance, the plaintiff has not plausibly shown that Judge Ott violated his constitutional rights, nor has he pled facts which establish the other elements necessary for permanent injunctive relief.

For the foregoing reasons, the claims against Judge Ott in this action are due to be and hereby are **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(1) and (2). The remaining claims against defendant Mundy are referred to the magistrate judge for further proceedings.

The Clerk is **DIRECTED** to serve a copy of this order upon the plaintiff.

**DONE**, this 18th day of June, 2012.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**